STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1518


STATE OF LOUISIANA
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

VERSUS

JEREMY W. RIGGLEMAN


**********


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 237,873
HONORABLE GEORGE C. METOYER JR., DISTRICT JUDGE


**********


ELIZABETH A. PICKETT
JUDGE


**********


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.


REVERSED.


Christopher J. Roy Jr.
Chris J. Roy Jr., A Law Corporation
P. O. Box 1592
Alexandria, LA 71309-1592
(318) 487-9537
Counsel for Defendant/Appellee:
Jeremy W. Riggleman

**Jennifer Del Murray**
**P. O. Box 66614**
**Baton Rouge, LA 70896**
**(225) 922-2311**
**Counsel for Plaintiff/Appellant:**
**State of Louisiana, Department of Public Safety & Corrections**

**PICKETT, Judge.**

The Department of Public Safety and Corrections (DPS) appeals a judgment reversing the suspension of a driver's license for the driver's refusal to submit to a chemical test after being arrested for operating a vehicle while intoxicated. For the following reasons, we reverse.

**FACTS**

This matter is before us pursuant to an Application for Trial De Novo filed by Jeremy Riggleman after his driver's license was suspended by an Administrative Law Judge (ALJ) pursuant to Louisiana's "Tests for Suspected Drunken Drivers" Law, which is set forth in La.R.S. 32:661-670. The minutes of the trial court do not indicate that any evidence was introduced at the hearing held on Mr. Riggleman's Application. The record does contain, however, pleadings and memoranda filed by the parties that show pertinent facts which are not disputed by the parties.

As a general rule, attachments to pleadings and/or memoranda are not treated as evidence unless they are introduced into evidence and cannot be considered by this court on appeal. *Abshire v. Belmont Homes, Inc.*, 04-1200 (La.App. 3 Cir. 3/2/05), 896 So.2d. 277, *writ denied*, 05-862 (La. 6/3/05), 903 So.2d 458. Yet, this court held in *Abshire* that where parties to litigation treat such documents as having been introduced into evidence, "we will treat their acknowledgment as a judicial confession of the existence of the documents as evidence." *Id.* at 280. Counsel for Mr. Riggleman stated at the hearing on his Application for Trial De Novo that he had no evidence to introduce because "everything that we were to put in is actually in the record." Accordingly, we will treat the attachments to the Application as evidence.

The following undisputed facts are reflected in the record. On March 14, 2009, Rapides Parish Sheriff's Deputy Curtis Gunter stopped Mr. Riggleman on

La. Hwy. 461 after observing him cross the center line of the highway. After stopping Mr. Riggleman, Deputy Gunter became suspicious that Mr. Riggleman was intoxicated. He, therefore, obtained Mr. Riggleman's consent to administer a Standardized Field Sobriety Test from which he concluded that Mr. Riggleman was intoxicated. Deputy Gunter then arrested Mr. Riggleman for operating a vehicle while intoxicated, a violation of La.R.S. 14:98.

Deputy Gunter transported Mr. Riggleman to a substation of the Rapides Parish Sheriff's Office where he advised Mr. Riggleman that his driving privileges could be suspended for refusing to submit to a chemical test of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood and the presence of any abused substance or controlled dangerous substance, as provided in La.R.S. 32:661. Mr. Riggleman refused to submit to a chemical test of his breath; therefore, Deputy Gunter obtained a search warrant to require him to submit to a blood test. Deputy Gunter then transported Mr. Riggleman to the hospital where his blood was drawn for a blood test. Pursuant to La.R.S. 32:667, DPS seized Mr. Riggleman's driver's license and suspended his driving privileges.

Mr. Riggleman requested an administrative hearing for an ALJ to determine whether the suspension was appropriate. At the hearing, Mr. Riggleman urged that while he refused to submit to the breath test, he consented to and did submit to the blood test; therefore, his license should not be suspended. The ALJ concluded that because Mr. Riggleman refused to submit to the breath test, as initially requested by Deputy Gunter, DPS was entitled to suspend his license and ordered that his license be suspended for twelve months.

2

Mr. Riggleman then filed his Application for Trial De Novo. At the hearing on his Application, the trial court agreed with Mr. Riggleman's argument and reversed the ALJ's order suspending his driver's license. DPS appeals. It urges on appeal that Mr. Riggleman's refusal to submit to a breath test as requested by Deputy Gunter satisfied the requirements of La.R.S. 32:661-670 and seeks to have the ALJ's order suspending Mr. Riggleman's driver's license suspended reinstated.

## ISSUE

This appeal presents one issue for our determination: whether the requirements of La.R.S. 32:661-670 are met when a person refuses to submit to one chemical test for intoxication when requested by a law enforcement officer but thereafter complies with a search warrant that orders the person to submit to a different chemical test for intoxication?

## DISCUSSION

DPS contends Mr. Riggleman's position is faulty, arguing his refusal to submit to a breath test when requested by Deputy Gunter triggered the provisions of La.R.S. 32:661-670 that mandate suspension of a driver's license for refusing a law enforcement officer's request to submit to a chemical test for intoxication when the grounds set forth therein exist. It urges that once Deputy Gunter obtained a search warrant to draw his blood, Mr. Riggleman's lack of objection to the blood test does not amount to consent.

Mr. Riggleman admits he refused to take the breath chemical test for intoxication as Deputy Gunter requested but argues he consented to a chemical test for intoxication when he did not object to or otherwise dispute the drawing or taking of his blood and the performance of a blood chemical test for intoxication on his

3

blood. He asserts Louisiana law does not require a driver to submit to one form of chemical testing in lieu of the other forms of chemical testing provided by law. He points to language of La.R.S. 32:661(A)(1) and La.R.S. 32:667 as support for his position.

Section 661(A)(1) provides: "Any person . . . who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent . . . to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood." Section 667 provides for the seizure of a person's driver's license and the suspension of his driving privileges if he "refuses to submit to an approved chemical test for intoxication" when the grounds set forth in La.R.S. 32:667 exist.

This issue has not been addressed previously by another Louisiana court. Our analysis is based on the language of La.R.S. 32:661(A), which directs law enforcement agencies to designate in writing which chemical test is to be administered. Specifically, La.R.S. 32:661(A)(2)(a) (emphasis added) states:

> The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person, regardless of age, to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of either alcoholic beverages or any abused substance or controlled dangerous substance as set forth in R.S. 40:964. **The law enforcement agency by which such officer is employed *shall designate* in writing and under what conditions *which* of the aforesaid tests shall be administered.**

Deputy Gunter completed an Affidavit for Search Warrant after Mr. Riggleman refused to submit to a breath test. In his Affidavit, Deputy Gunter stated that "the suspect refused" to submit to a breath test when directed to do so, then requested:

> [T]hat a search warrant issue ordering the suspect to submit to an Intoxilyzer 5000 breath test at the direction of the arresting officer, or in

4

the alternative, authorizing the affiant or any other peace officer in Rapides Parish, Louisiana, to search for and seize whole blood in an amount sufficient for testing and analysis.

A district judge signed the Search Warrant as requested by Deputy Gunter. The Search Warrant ordered "the suspect," Mr. Riggleman, "to submit to a breath test at the direction of the arresting officer," then provided: "if the suspect refuses to submit to the breath test as ordered by the Court, affiant . . . is ordered to seize the above described person and obtain a sample of whole blood in an appropriate medical setting in strict accord with medically acceptable practices . . . as provided by law."

We read Deputy Gunter's Affidavit and the Search Warrant as a designation in writing by the Rapides Parish Sheriff's Office of the tests to be administered and the conditions under which the tests are to be administered, as required by La.R.S. 32:661(A)(2). Specifically, we find the Rapides Parish Sheriff's Office designated the breath test in the Affidavit and Search Warrant as the first test to be administered and the blood test to be administered *only if* the suspect refused the breath test. Therefore, once Mr. Riggleman refused to submit to a breath test as directed by Deputy Gunter, La.R.S. 32:667 became applicable, and DPS's suspension of his driving privileges was proper. Accordingly, the trial court erred in reversing the suspension of Mr. Riggleman's driving privileges.

## DISPOSITON

The judgment of the trial court is reversed. All costs associated with this appeal are assessed to Jeremy Riggleman.

**REVERSED.**

5